# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LALA SLOATMAN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>TRIAD MEDIA SOLUTIONS, INC. d/b/a COMPARETOPSCHOOL.COM and DOES 1 through 10, inclusive, and each of them,<br><br>        Defendants. | No.: 2:17-cv-11383-KM-CLW<br><br>Assigned to Hon. Kevin McNulty |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TRIAD MEDIA SOLUTIONS, INC.'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

**BRESSLER, AMERY & ROSS, P.C.**
Mark M. Tallmadge, Esq.
325 Columbia Turnpike
Florham Park, New Jersey 07932
P.O. Box 1980
Morristown, New Jersey 07962
(973) 514-1200
Attorneys for Defendant
  *TriAd Media Solutions, Inc.*

**NEWMAN DU WORS, LLP**
John Du Wors, Esq. admitted *pro hac vice*
2101 Fourth Avenue
Suite 1500
Seattle, Washington 98121
(206) 274-2800
Attorneys for Defendant
  *TriAd Media Solutions, Inc.*

# TABLE OF CONTENTS

Table of Contents ................................................................................................... i

Table of Authorities ............................................................................................... ii

Preliminary Statement ............................................................................................1

Factual Background ...............................................................................................1

Argument................................................................................................................3

    A.    Rule 11 prohibits frivolous and factually baseless pleadings. ..............3

    B.    Plaintiff refuses to withdraw the Complaint despite indisputable proof that the claim is meritless. .........................................................3

           1.    Plaintiff's claims are objectively unreasonable in light of her prior express consent. .........................................................4

           2.    The putative class is not certifiable because individualized issues predominate and Plaintiff is an inadequate and atypical representative. ......................................5

    C.    An award of attorney fees will deter other frivolous claims of TCPA violations and make TriAd whole..............................................6

Conclusion ..............................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Barnes v. American Tobacco Co.*,
  161 F.3d 127 (3d Cir. 1998) .................................................................................5

*Beck v. Maximus, Inc.*,
  457 F.3d 291 (3d Cir. 2006) .................................................................................6

*CE Design Ltd. v. King Architectural Metals, Inc.*,
  637 F.3d 721 (7th Cir. 2011) ................................................................................6

*Collins v. Walden*,
  834 F.2d 961 (11th Cir. 1987) ..............................................................................3

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384, 110 S.Ct. 2447 (1990) ...................................................................4

*Cruz v. Savage*,
  896 F.2d 626 (1st Cir. 1990) ................................................................................3

*Doering v. Union County Bd. of Chosen Freeholders*,
  857 F.2d 191 (3d Cir. 1988) .................................................................................3

*Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*,
  57 F.3d 1215 (3d Cir. 1995) .................................................................................3

*Gaiardo v. Ethyl Corp.*,
  835 F.2d 479 (3d Cir. 1987) .................................................................................7

*Gene and Gene LLC v. BioPay LLC*,
  541 F.3d 318 (5th Cir. 2008) ................................................................................5

*Gunnells v. Healthplan Services, Inc.*,
  348 F.3d 417 (4th Cir. 2003) ................................................................................5

*In re Ford Motor Co. E-350 Van Products Liab. Litig. (No. II)*,
  CIV.A. 03-4558, 2012 WL 379944 (D.N.J. Feb. 6, 2012) ...................................5

*J.H. Cohn & Co. v. Am. Appraisal Assocs.*,
  628 F.2d 994 (7th Cir. 1980) ................................................................................6

*Johnson v. Yahoo!, Inc.*,
    14 CV 2028, 2016 WL 25711 (N.D. Ill. Jan. 4, 2016) ........................................... 5

*Lieb v. Topstone Industries, Inc.*,
    788 F.2d 151 (3d Cir. 1986) ................................................................................. 6

*Lony v. E.I. Du Pont de Nemours & Co.*,
    935 F.2d 604 (3d Cir. 1991) ................................................................................. 4

*Waste Mgmt. Holdings, Inc. v. Mowbray*,
    208 F.3d 288 (1st Cir. 2000) ................................................................................ 5

**Statutes**

47 U.S.C. § 227(b)(1)(A) ............................................................................................ 4

47 U.S.C. § 227(b)(1)(iii) ............................................................................................ 4

**Rules**

Fed. R. Civ. P. 11(c)(4) ................................................................................................ 7

**Regulations**

47 C. F. R. 64.1200 (f)(3) ............................................................................................ 5

## PRELIMINARY STATEMENT

Plaintiff Lala Sloatman, individually and on behalf of all others similarly situated ("Plaintiff"), brought suit against Defendant TriAd Media Solutions, Inc. ("TriAd") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, based on telephone calls she allegedly received in September 2016. The Complaint alleges that "in or around September 2016" TriAd "contacted Plaintiff on Plaintiff's cellular telephone number ending in -0838 in an attempt to solicit Plaintiff to purchase Defendant's services," Complaint ¶ 8, that "Defendant did not possess Plaintiff's prior express consent to receive calls using an automatic telephone dialing system," Complaint ¶ 13, and that these calls violated the TCPA. *Id*. But as TriAd has made abundantly clear to Plaintiff and her counsel, these allegations are false and based on fraudulent representations to the Court. In fact, Plaintiff consented to the calls she now complains about by visiting the website www.CompareTopSchools.com and entering her personal information. Because she provided her consent, there is no legal theory that can support Plaintiff's claims. TriAd has provided Plaintiff's counsel with both a screenshot of Plaintiff's opt-in and a printout of the data that was collected from that opt-in. Despite this evidence, Plaintiff has refused to withdraw her Complaint. For these reasons, TriAd hereby requests that this Court strike Plaintiff's Complaint and require Plaintiff and her counsel to pay TriAd's reasonable attorneys' fees associated with this Motion.

## FACTUAL BACKGROUND

On September 9, 2016, at 12:24 PM, Plaintiff visited the website www.CompareTopSchools.com, and entered her personal information. Declaration of David Butler in Support of Defendant's Motion for Sanctions ("Butler Decl."), Exhibit A. She provided her name, address, and mobile telephone number (ending in -0838) and then clicked on the "View My Schools" button, submitting her personal information and her consent to be called at the number she provided, to

1

Defendant. Butler Decl., Exh. B. Immediately below the "View My Schools" button, the www.CompareTopSchools.com website included the following language:

> By clicking on the button above and providing my contact information, I consent to be contacted about educational opportunities by CompareTopSchools and/or the matching schools via postal mail, email, telephone or text message at the telephone number(s) provided, including my wireless number, even if I have previously listed myself on any federal, state, trade association, or corporate Do-Not-Call or email opt-out registry. Once connected by telephone, I agree that these calls may be monitored and/or recorded for training and quality assurance purposes. I acknowledge that calls may also be pre-recorded and/or use an automated dialing system. I understand that consent is not a condition of purchase.

*Id*.

Despite Plaintiff's request and consent to be contacted, on November 7, 2017, Plaintiff filed a Complaint in this court, alleging that Defendant called her "cellular telephone number ending in -0838" without her prior express consent. Dkt. 1. She purports to represent a putative class of people called by Defendant using an Automated Telephone Dialing System ("ATDS") without prior express consent.

On January 3, 2018, and again on March 1, 2018, counsel for TriAd notified counsel for Plaintiff of the fact of Plaintiff's consent and provided notice that Plaintiff's allegations are false and based on fraudulent representations to the Court. Declaration of John Du Wors in Support of Motion for Sanctions ("Du Wors Decl."), Exhs. A–B. On March 6, 2018, counsel for Plaintiff responded that Plaintiff would not dismiss the Complaint because, despite counsel for TriAd's explanations, counsel claimed he could not be certain that the evidence provided was genuine. Du Wors Decl., Exh. D.

2

Counsel for TriAd provided this Motion to counsel for Plaintiff on April 5, 2018, thereby complying with the notice and safe harbor requirements of Federal Rule of Civil Procedure 11.

## ARGUMENT

**A.  Rule 11 prohibits frivolous and factually baseless pleadings.**

Federal Rule of Civil Procedure 11(b) requires that in all pleadings filed with the Court, "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for future investigation or discovery." Rule 11 is a purely objective standard, and a violation "might be caused by inexperience, incompetence, willfulness, or deliberate choice." *Cruz v. Savage*, 896 F.2d 626, 633 (1st Cir. 1990). Sanctions, including attorneys' fees, are "appropriate where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders,* 857 F.2d 191, 194 (3d Cir. 1988). A party violates Rule 11 when its "attorney was in a position to know the [party's] claims were unsupported by fact or law prior to bringing the claims and throughout the litigation." *Id*. Both a party and the party's attorney can be sanctioned for violating Rule 11. Fed. R. Civ. P. 11(c)(1); *see Collins v. Walden*, 834 F.2d 961, 965-66 (11th Cir. 1987).

**B.  Plaintiff refuses to withdraw the Complaint despite indisputable proof that the claim is meritless.**

Rule 11 sanctions require only a showing of objectively unreasonable conduct. *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc*., 57 F.3d 1215, 1225 (3d Cir. 1995). "The rule imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact . . . ." *Lony v. E.I. Du Pont de Nemours & Co*., 935

3

F.2d 604, 616 (3d Cir. 1991) (*citing Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 2454 (1990).) Neither Plaintiff nor her attorneys can cite any objectively reasonable basis for the continued pursuit of her claims.

### 1. Plaintiff's claims are objectively unreasonable in light of her prior express consent.

TriAd has provided Plaintiff's counsel with irrefutable evidence that Plaintiff specifically – and prior to any contact by Defendant - consented to the calls she now complains about. *See* Du Wors Decl., Exhs. A, B. TriAd's evidence shows that Plaintiff "opted-in" to receive telephone calls when she visited www.CompareTopSchools.com on September 9, 2016 and entered her personal information. *See* Butler Decl., Exh. A. She provided her mobile telephone number (ending in -0838) and then clicked on the "View My Schools" button, thereby consenting to "be contacted about educational opportunities by CompareTopSchools.com" by email, phone, or text. *See* Butler Decl., Exh. B. And, while it is not necessary, counsel for TriAd explained to counsel for Plaintiff that, in the presence of prior express consent such as that verified by TriAd, Plaintiff has no legal recourse under the TCPA. *See* 47 U.S.C. § 227(b)(1)(iii); 47 U.S.C. § 227(b)(1)(A). Yet despite this clear evidence, Plaintiff has refused to withdraw the Complaint. *See* Du Wors Decl., Exhs. C, D.

Plaintiff's insistence that she "has never visited" the website or provided her contact information is nothing more than a wholly unreasonable and baseless denial in the face of indisputable evidence to the contrary. *See* Du Wors Decl., Exh. C. Further, Plaintiff's counsel's assertion that the opt-in language on the Compare Top Schools website "might not be visible to someone submitting their personal information" is nonsensical. As Plaintiff's counsel can see, the opt-in language is immediately below the fields into which Plaintiff entered her personal information. The consent language is clear, conspicuous, and in close proximity to the opt-in link. *See* Butler Decl., Exh. A. Plaintiff (and the putative class members) are therefore

4

bound by it. *See* 47 C. F. R. 64.1200 (f)(3). Nor does Plaintiff present any evidence that the calls received were for any purpose other than exploring higher education opportunities. There is simply no evidence—and no legal argument—supporting Plaintiff's claims.

### 2. The putative class is not certifiable because individualized issues predominate and Plaintiff is an inadequate and atypical representative.

The assertion of a putative class is not supported by fact or law. No putative class member will have any evidence of calls outside of the scope of their opt-in. Butler Decl., ¶ 4. Counsel for Plaintiff has no objectively justifiable grounds for pursuing the alleged class claims. The putative class is not certifiable. Prior express consent is an affirmative defense under the TCPA, and affirmative defenses can predominate such that class certification will be denied. *See In re Ford Motor Co. E-350 Van Products Liab. Litig. (No. II),* CIV.A. 03-4558, 2012 WL 379944, at *34 (D.N.J. Feb. 6, 2012) (*citing Barnes v. American Tobacco Co.*, 161 F.3d 127, 147–49 (3d Cir. 1998) ("affirmative defenses . . . are properly considered in determining predominance and cohesion for purposes of class certification under subsections (b)(2) and (b)(3)."). *See also Johnson v. Yahoo!, Inc*., 14 CV 2028, 2016 WL 25711, at *4 (N.D. Ill. Jan. 4, 2016) (evidence that a portion of the class provided consent in TCPA action defeated certification of class); *Gene and Gene LLC v. BioPay LLC*, 541 F.3d 318, 327 (5th Cir. 2008) ("We have noted that the 'predominance of individual issues necessary to decide an affirmative defense may preclude class certification.'" (citation omitted)); *Gunnells v. Healthplan Services, Inc.,* 348 F.3d 417, 438 (4th Cir. 2003) ("[L]ike other considerations, affirmative defenses must be factored into the calculus of whether common issues predominate."); *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 295 (1st Cir. 2000) ("[W]e regard the law as settled that affirmative defenses should be considered in making class certification decisions."). The individualized question of prior express consent must be

determined with regard to each and every class member, and the putative class is thereby uncertifiable.

Finally, because Plaintiff consented, she is neither typical nor adequate as a class representative. *See Beck v. Maximus, Inc.*, 457 F.3d 291, 296–97 (3d Cir. 2006) (unique defense rendered named plaintiff atypical and inadequate); *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011) (plaintiff whose claim was subject to defense of prior consent was not typical or adequate class representative); *J.H. Cohn & Co. v. Am. Appraisal Assocs.*, 628 F.2d 994, 999 (7th Cir. 1980) ("[T]he presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representative.").

## C. An award of attorney fees will deter other frivolous claims of TCPA violations and make TriAd whole.

Rule 11 is intended to discourage pleadings that are "frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." *Lieb v. Topstone Industries, Inc.,* 788 F.2d 151, 157 (3d Cir. 1986). Even if Plaintiff and her attorneys did not understand that she had provided her consent to be contacted, their failure to fully investigate the facts and refusal to withdraw the Complaint once presented with the facts are sufficient grounds for Rule 11 sanctions against both Plaintiff and her counsel. Such willful disregard for the facts should not be tolerated by this Court. To do so would invite anyone to seek an easy payday via the TCPA's statutory damages and/or a defendant's interest in avoiding litigation.

This Court should strike the Complaint because the factual and legal deficiencies cannot be cured to satisfy Rule 11. As explained above, no valid or applicable legal authority supports the proposition that a plaintiff who provided her prior express consent can revoke it after-the-fact in order to bring a lawsuit.

In addition, this Court should award Defendant's attorneys' fees incurred in bringing this motion. Such an award would reimburse TriAd and deter future abuses of this type. Fed. R. Civ. P. 11(c)(4); *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987) ("Possible sanctions include requiring the offending client, lawyer, or both, to pay all or part of the adversary's counsel fees incurred as a result of the violation. This sanction combines the concepts of deterrence and reimbursement for the wronged party.") An attorney fee award under Rule 11 is not fee shifting, but a means by which to return to the status quo the party which incurred legal expenses as a result of an action or motion which ought never to have been filed, and a tool to correct litigation abuse. *See Gaiardo*, 835 F.2d at 482–83. The Rule authorizes "reasonable" fees, based on what is fair and reasonable in the particular circumstances. *Id*. at 483.

## CONCLUSION

Both Plaintiff and her counsel had an obligation to conduct a reasonable inquiry into the facts and refrain from making allegations with no evidentiary or legal support. They failed to do so. When presented with the evidence that Plaintiff provided her prior express consent to the telephone calls at issue, they refused to withdraw Plaintiff's Complaint. Sanctioning Plaintiff and her counsel for this misconduct and abuse of the legal system will deter future similar "shake-downs" of marketing companies in full compliance with the TCPA. This Court should strike the Complaint and award TriAd its attorneys' fees and costs associated with this Motion.

Dated:     April 27, 2018                           /s/Mark M. Tallmadge, Esq.
                                                    Mark M. Tallmadge
                                                    325 Columbia Turnpike
                                                    Florham Park, NJ  07932
                                                    Phone:    (973) 514-1200
                                                    *MTallmadge@bressler.com*
                                                    Counsel for Defendant
                                                     TriAd Media Solutions, Inc.

7