**DeNITTIS OSEFCHEN PRINCE, P.C.**
Ross H. Schmierer, Esq.
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
 (856) 797-9951
rschmierer@denittislaw.com
*Attorneys for Plaintiff, and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LALA SLOATMAN, individually and on behalf of all others similarly situated, <br><br>                  Plaintiff, <br><br> v. <br><br> TRIAD MEDIA SOLUTIONS, INC. d/b/a COMPARETOPSCHOOLS.COM, DOES 1 through 10, inclusive, <br><br>                 Defendants. | Case No. 2:17-cv-11383-KM-CLW |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**

# **TABLE OF CONTENTS**

I.    Introduction…………………………………………………………………………..1

II.    Procedural Background………………………………………………………………2

III.    Factual Background…………………………………………………………………3

     A.  Defendant's Evidence Is Both Inadmissible and Woefully Deficient………………..4

IV.    Legal Standard………………………………………………………………………5

V.    Legal Argument……………………………………………………………………...6

     A.  Defendant's Striking Of Plaintiff's Factual Allegations Should Be Denied…………6

        1.  Rule 11 Is Not An Appropriate Mechanism And Defendant's Motion
           Is Premature…………………………………………………………………6

        2.  Plaintiff Has Put Forth Evidence That She Did Not Provide Prior
           Express Consent, and Defendant Has Failed To Put Forth Conclusive
           Evidence That She Has Not………………………………………………….7

     B.  Defendant's Striking Of Plaintiff's Class Allegations Should Be Denied…………….8

        1.  Defendant's Motion Is Both Untimely and Premature……………………….8

        2.  This Case Is Certifiable…………………………………………………..10

     C.  Defendant and its Counsel Mark M. Tallmadge Should Be Sanctioned
        Pursuant to Fed. R. Civ. P. 11(c)(2)………………………………………………11

VI.    Conclusion…………………………………………………………………………..12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*A&L Industries Inc. v. P. Cipollini Inc.*, Case No. 2:12-cv-07598 (D.N.J. Oct. 6, 2013)..........10

*Andrews v. Home Depot U.S.A. Inc.*, 2005 WL 1490474, at *3 (D.N.J. June, 23, 2005)............9

*Blattman v. Siebel*, 2017 WL 3129134, at *2 (D. Del. July 24, 2017)............................6, 8

*Bristol–Myers Squibb Co. v. Ivax Corp.*, 77 F.Supp.2d 606, 619 (D.N.J.2000)....................6

*Doering v. Union County Bd. Of Chosen Freeholders*, 857 F.2d 191, 194 (3d. Cir. 1988)........1

*Ehrhart v. Synthes (USA)*, 2007 U.S. Dist. LEXIS 94760, *7–9 (D.N.J. Dec. 21, 2007)..........9

*Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 485 (3d Cir. 1987).....................................1, 5, 12

*Garlanger v. Verbeke*, 223 F.Supp.2d 596 (D.N.J.2002)..........................................6

*Gutierrez v. Johnson & Johnson, Inc.*, 2002 WL 34210806 (D.N.J.2002)..........................9

*Landsman & Funk PC v. Skinder–Strauss Associates*,
    640 F.3d 72, 93 n. 30 (3d Cir.2011)......................................................10, 11

*Langer v. Monarch Life Ins. Co.*, 1992 WL 125081 (3d Cir. June 11, 1992)......................5

*Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir.1986)..................................1, 12

*Luppino v. Mercedes-Benz USA, LLC*, 2013 WL 6047556, at *7
    (D.N.J. Nov. 12, 2013).....................................................................9, 10

*Marlowe Patent Holdings v. Ford Motor Co.*,
    2013 WL 6383122, at *5 (D.N.J. Dec. 5, 2013)............................................6, 8

*StrikeForce Techs., Inc. v. WhiteSky, Inc.*, 2013 WL 5574643, at *4
    (D.N.J. Oct. 9, 2013).....................................................................1, 5, 6, 8

*Thorner v. Sony Comput. Entm't Am. Inc.*, 2010 WL 904797, at *2
    (D.N.J. Mar. 9, 2010)......................................................................7, 9

*Tonka Corp. v. Rose Art Industries, Inc.*, 836 F.Supp. 200, 217 (D.N.J.1993).....................6

*Town & Country v. Meadowbrook Insurance Group*,
    Case N. 3:15-cv-02519-PGS-LHG (D.N.J. June 21, 2017)...................................10

**Statutes**

Telephone Consumer Protect Act, 47 U.S.C. § 227 *et. seq*...………………………………..3, 10, 11

**Rules**

Fed. R. Civ. P. 11…………………………………………………………………………passim

Fed. R. Civ. P. 12(f)…………………………………………………………………………6, 9

Fed. R. Civ. P. 12(f)(2)…………………………………………………………………2, 5, 6, 9

## I.     <u>Introduction</u>

"The use of Rule 11 as an additional tactic of intimidation and harassment has become part of the so-called 'hardball' litigation techniques espoused by some firms and their clients. Those practitioners are cautioned that they invite retribution from courts which are far from enchanted with such abusive conduct. A court may impose sanctions on its own initiative when the Rule is invoked for an improper purpose." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 485 (3d Cir. 1987) (citing *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir.1986)) (footnotes removed).

In filing this Motion, Defendant TRIAD MEDIA SOLUTIONS, INC. d/b/a COMPARETOPSCHOOLS.COM ("Defendant" or "Triad") and its counsel Mark M. Tallmadge have decided to engage in sharp litigation tactics for no clear purpose except to attempt to wrongfully intimidate Plaintiff Lala Sloatman ("Plaintiff") for having the gall to attempt to hold Defendant to task for its illegal conduct.  Defendant's Motion is better characterized as an insufficient Motion for Summary Judgment or a premature Motion to Strike Class Allegations. However, Defendant has brazenly chosen to improperly file it instead as a Rule 11 Motion for Sanctions in a lamentable attempt to intimidate Plaintiff.

As an initial matter, Rule 11 is not an appropriate vehicle for resolving legal or factual disputes. *StrikeForce Techs., Inc. v. WhiteSky, Inc.*, 2013 WL 5574643, at *4 (D.N.J. Oct. 9, 2013).  The standard under Rule 11 is significantly higher than a Motion for Summary Judgment and requires that the claims be "patently unmeritorious or frivolous" and "unsupported by fact or law." *Doering v. Union County Bd. Of Chosen Freeholders*, 857 F.2d 191, 194 (3d. Cir. 1988). On April 9, 2018, Plaintiff produced evidence in the form of <u>verified</u> responses to Defendant's Interrogatories stating that she does not recall ever visiting any educational website and providing

consent.[1]  Declaration of Thomas E. Wheeler ("Wheeler Decl.") at ¶ 3 and Ex. A.  Defendant has not deposed Ms. Sloatman and has otherwise failed to introduce any evidence to conclusively demonstrate Ms. Sloatman's testimony is incorrect—because no such evidence exists.

As to its Motion to Strike garbed as a Rule 11 Motion, Defendant seeks to strike Plaintiff's Class Allegations under a legal argument that it is unfeasible.  First, Defendant's misnamed Motion to Strike is premature and considered improper in this Circuit.[2]  Second, while Plaintiff will save the full arguments for Class Certification, cases exist that support Plaintiff's Class Certification theory.  Third, Defendant chose to bring a Motion to Strike disguised as a Rule 11 Motion because the deadline under Fed. R. Civ. P. 12(f)(2) has long since passed such that Defendant **cannot** bring a Motion to Strike.  By filing an answer on December 27, 2017, Defendant waived its right to do so.  Dkt. 6.  It is unclear whether Defendant could even obtain a striking through Rule 11, but regardless, this portion of Defendant's Motion must be denied.

Defendant's procedurally improper Motion should be denied and Defendant and its counsel Mark M. Tallmadge should be jointly sanctioned for invoking Rule 11 for an improper, strategic purpose.

## II.   **Procedural Background**

Plaintiff filed her Class Action Complaint against Defendant on November 7, 2017.  Dkt. 1.  Defendant filed its answer on December 27, 2017.  Dkt. 6.  On February 14, 2018, the Parties held their initial scheduling conference with Magistrate Judge Cathy L. Waldor and set dates for discovery and motions in the matter.  Dkt. 9.  Plaintiff served discovery requests on Defendant on

---

[1] Despite having this evidence and not having conclusive evidence that Ms. Sloatman is incorrect, Defendant decided to file its Motion for Sanctions twenty-one (21) days later.

[2] Defendant has also refused to produce **any** responsive documents at this point, further highlighting why Courts in this Circuit do not permit premature Motions to Strike Class Allegations as to do so would deny Plaintiff necessary discovery.

March 7, 2018.  Wheeler Decl. at ¶ 4.  Defendant served responses on April 6, 2018 which included no documents.  *Id.* at ¶ 5 and Exs. B-D.  In accordance with this Court's local rules, Plaintiff is meeting and conferring with Defendant about its deficient responses at this time prior to making a motion to compel.  *Id.* at ¶ 6.  On April 9, 2018, Plaintiff served her responses to Defendant's First Set of Interrogatories.  *Id.* at ¶ 3 and Ex. A.  On April 27, 2018, Defendant filed its "Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11."  Dkt. 15.

III.   **Factual Background**

Plaintiff Lala Sloatman, individually and on behalf of all others similarly situated, brought a lawsuit against Defendant Triad Media Solutions, Inc. d/b/a CompareTopSchools.com arising out of its practice of placing solicitation calls with an automatic telephone dialing system to consumers.  Complaint, Dkt. 1, at ¶¶ 1, 21, 22, 28, 31, 37-52.  It is an uncontested fact that Defendant called Plaintiff at 310-666-0838 at least twice for solicitation purposes on or about September 2016.  Wheeler Decl. at Ex. A at ¶ 7; Ex. B at ¶¶ 3-4.  It is also uncontested that Plaintiff owns 310-666-0838 and that it has been registered on the National Do Not Call Registry since April 20, 2011.  Wheeler Decl. at Ex. A at ¶ 6; Affidavit of Lala Sloatman ("Sloatman Aff.") at ¶¶ 2-3.  Defendant has also not contested that the calls were made with an "automatic telephone dialing system" as defined by the Telephone Consumer Protect Act, 47 U.S.C. § 227 *et. seq.*

The only fact which Defendant contests is that it did not have prior express consent to call her.  Yet, Defendant puts forth a woefully lacking declaration of an unidentified individual who lacks a basis for the assertions he makes which Plaintiff will substantially discuss.  Plaintiff never visited "CompareTopSchools.com" prior to receiving the harassing telemarketing call from Defendant and has never provided her information in any form on CompareTopSchools.com at any time.  Wheeler Decl. at Ex. A ¶¶ 1-3, Sloatman Aff. at ¶ 5.  Plaintiff also has no reason to ever

have filled out such a form, as she matriculated from college in 2000 and has had no interest in further education since she graduated from college.  *Id.* at ¶ 6.  Therefore, Plaintiff has more than adequately put forth evidence that support her claims.

### A.  Defendant's Evidence Is Both Inadmissible and Woefully Deficient

Defendant spins a tale of prior express consent but fails to provide any actual evidence in support of the positions it is staking out.[3]  Defendant asserts that "Plaintiff visited the website" and "provided her name, address, and mobile telephone number" and then "submitt[ed] her personal information and her consent to be called . . . ."  Motion for Sanctions at p. 1.  In support of this position, Defendant cites to the Declaration of David Butler Ex. A.

Apparently, David Butler is the co-founder of Defendant.  Declaration of David Butler ("Butler Decl."), Dkt. 15-2, at ¶ 2.  As more fully laid out in Plaintiff's Objections to the Declaration of David Butler, Mr. Butler has no personal knowledge of Lala Sloatman and has not even described how the documents attached as Exhibit A & B to his declaration were accessed or authenticated.  Mr. Butler does not claim to have any foundation for any knowledge of Ms. Sloatman besides generically stating that he has "personal knowledge of the facts stated herein." *Id.* at ¶ 1. Exhibit A is a copy of an Opt-In Screen containing Ms. Sloatman's information.  *Id.* at Ex. A.  Exhibit B is a copy of the entry of a database containing Ms. Sloatman's information.  *Id.* at Ex. B.  Neither Exhibit supports Defendant's proposition that Plaintiff visited, provided, and submitted her information to Defendant.  Instead, the Exhibits only support that Defendant obtained Plaintiff's information through the form and maintained it, not the identity of the submitter of it.[4]  By contrast, Plaintiff has submitted explicit evidence in the form of her written

---

[3] Defendant has not deposed Plaintiff in this matter yet.

[4] Plaintiff believes that Defendant manufactured the consent of her and Class members, but is still conducting discovery on the issue rather than file a Rule 11 to strike Defendant's Answer.

testimony that she did not visit, provide, or submit her information to Defendant.[5]  Wheeler Decl. at Ex. A ¶¶ 1-3, Sloatman Aff. at ¶¶ 5-6.

David Butler was also not identified in response to Plaintiff's Interrogatory No. 1 requesting Defendant identify all persons known to Defendant with personal knowledge of any facts or issues involved in this lawsuit, such that his belated declaration is inappropriate.  Wheeler Decl. Ex. C. at ¶ 1.

## IV.    <u>Legal Standard</u>

Fed. R. Civ. P. 11(b) requires, in part, that "factual contentions have evidentiary support" and "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Rule 11 is governed by the objective reasonableness under the circumstances standard. *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir.1987).  A good faith belief in the substantive merit of a claim, therefore, does not suffice to withstand a motion for sanctions. *Langer v. Monarch Life Ins. Co.*, 1992 WL 125081 (3d Cir. June 11, 1992) (citing *Gaiardo*, 835 F.2d at 482).  On the other hand, "[t]he wisdom of hindsight should be avoided; the attorney's conduct must be judged by 'what was reasonable to believe at the time the pleading, motion or other paper was submitted. *Id.* (quoting Fed.R.Civ.P. 11 advisory committee note).  The rule is not an appropriate vehicle for resolving legal or factual disputes. *StrikeForce Techs., Inc. v. WhiteSky, Inc.*, 2013 WL 5574643, at *4 (D.N.J. Oct. 9, 2013).

While Defendant does not cite the standards of a Motion to Strike nor classify its Motion as a Motion to Strike, it seeks the remedy of striking portions of Plaintiff's complaint and thus the Fed. R. Civ. P. 12(f) standard would apply.  Federal Rule of Civil Procedure 12(f) provides that

---

[5] Defendant was also in possession of Ex. A prior to deciding to file this Motion and claim there was no evidence.

upon a motion made by a party, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A party must bring a Rule 12(f) motion "either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading."  Fed.R.Civ.P. 12(f)(2).  "The purpose of a motion to strike is to simplify the pleadings and save time and expense by excising from a plaintiff's complaint any redundant, immaterial, impertinent, or scandalous matter which will not have any possible bearing on the outcome of the litigation."  *Garlanger v. Verbeke*, 223 F.Supp.2d 596 (D.N.J.2002) (quoting *Bristol–Myers Squibb Co. v. Ivax Corp.*, 77 F.Supp.2d 606, 619 (D.N.J.2000)). Furthermore, "[b]ecause of the drastic nature of the remedy ... motions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'  *Id.* (quoting *Tonka Corp. v. Rose Art Industries, Inc.*, 836 F.Supp. 200, 217 (D.N.J.1993)).

## V.   Legal Argument

### A.  Defendant's Striking Of Plaintiff's Factual Allegations Should Be Denied

#### 1.  Rule 11 Is Not An Appropriate Mechanism And Defendant's Motion Is Premature

Defendant asserts that there is no factual basis for Plaintiff's claims contrary to Plaintiff's pleadings and discovery responses.  Rule 11 is not an appropriate vehicle for resolving legal or factual disputes.  *StrikeForce Techs., Inc. v. WhiteSky, Inc.*, 2013 WL 5574643, at *4 (D.N.J. Oct. 9, 2013).  The more appropriate vehicle would be in a motion for sanctions after a ruling on a Motion for Summary Judgment, and thus, the use of Rule 11 is premature.  *Blattman v. Siebel*, 2017 WL 3129134, at *2 (D. Del. July 24, 2017) (citing *Marlowe Patent Holdings v. Ford Motor Co.*, 2013 WL 6383122, at *5 (D.N.J. Dec. 5, 2013) (stating that "[a] Rule 11 motion for sanctions

is not an appropriate substitute for summary judgment proceedings, and should not be used to raise issues of legal sufficiency that more properly can be disposed of by ... a motion for summary judgment."); *Thorner v. Sony Comput. Entm't Am. Inc.*, 2010 WL 904797, at *2 (D.N.J. Mar. 9, 2010) (denying defendants' motion for sanctions as premature when it "came before any dispositive motion or final judgment in favor of ... defendants")).  The Court has drawn no conclusions of fact in this case and would be required to do so in order to grant Defendant's Motion.  The Court cannot do so in the context of a Rule 11 Motion, and thus Defendant's Motion must be denied.

> ### 2. Plaintiff Has Put Forth Evidence That She Did Not Provide Prior Express Consent, and Defendant Has Failed To Put Forth Conclusive Evidence That She Has Not

Plaintiff has provided more than sufficient evidence to survive a Motion for Summary Judgment, let alone the lowest bar of "evidentiary support" needed under Fed. R. Civ. P. 11. Turning briefly to the actual "merits," Defendant has failed to put forth sufficient evidence of its own position without even turning to Plaintiff's evidence.  Defendant has asserted that it is clear that Plaintiff visited, provided, and submitted her information to Defendant and thus created prior express consent but has failed to provide evidence demonstrating this.  But Defendant's declarant has put forth no foundation or basis for him to demonstrate evidence that Plaintiff Lala Sloatman visited, provided, or submitted her information.  At best, Defendant has put forth evidence that it somehow obtained Plaintiff Sloatman's information through a form and used that to call her.  At worst, the deficiencies in Defendant's declaration are so objectionable as to make it as if Defendant had submitted no evidence at all.

By contrast, Plaintiff has been consistent in her pleadings and evidentiary position. Plaintiff pled that she did not provide her prior express consent to Defendant at any relevant time.

Complaint, Dkt. 1 at ¶ 13.  Plaintiff confirmed in her sworn Interrogatory responses that she had no recollection of ever providing information to CompareTopSchools.com or any educational opportunities website.  Wheeler Decl. Ex. A at ¶¶ 1-3.  Plaintiff further reaffirmed in a sworn affidavit that not only did she never visit, provide, or submit her information to Defendant, but that she would have had absolutely no reason to as she has no interest in further education.  Sloatman Aff. at ¶¶ 4-6.  Besides somehow having obtained Plaintiff's contact information, Defendant has no provided no evidence to refute Plaintiff's assertions.  At the very least, Plaintiff has created a controverted issue of fact that requires resolution by a jury which would make a Motion for Summary Judgment by Defendant unsuccessful, if filed based on the same evidence put forth in its Rule 11 Motion.  Plaintiff has more than adequately demonstrated that "evidentiary support" exists for her factual allegations, and Defendant's Rule 11 must be denied.

**B.  Defendant's Striking Of Plaintiff's Class Allegations Should Be Denied**

**1.  Defendant's Motion Is Both Untimely and Premature**

In its Motion, Defendant seeks a legal ruling by the Court that the Class is uncertifiable in the context of Rule 11 and for the Court to strike Plaintiff's Class Allegations.  It bears repeating that Rule 11 is not an appropriate vehicle for resolving legal or factual disputes.  *StrikeForce Techs., Inc. v. WhiteSky, Inc.*, 2013 WL 5574643, at *4 (D.N.J. Oct. 9, 2013).  The more appropriate vehicle would be in a motion for sanctions after a ruling on a Motion for Summary Judgment, and thus, the use of Rule 11 is premature.  *Blattman v. Siebel*, 2017 WL 3129134, at *2 (D. Del. July 24, 2017) (citing *Marlowe Patent Holdings v. Ford Motor Co.*, 2013 WL 6383122, at *5 (D.N.J. Dec. 5, 2013) (stating that "[a] Rule 11 motion for sanctions is not an appropriate substitute for summary judgment proceedings, and should not be used to raise issues of legal sufficiency that more properly can be disposed of by ... a motion for summary judgment.");

*Thorner v. Sony Comput. Entm't Am. Inc.*, 2010 WL 904797, at *2 (D.N.J. Mar. 9, 2010) (denying defendants' motion for sanctions as premature when it "came before any dispositive motion or final judgment in favor of ... defendants")).  For that reason alone, Defendant's Motion should be denied as there is no procedural basis for it to request the Court make a legal ruling on the certifiability of the Class in the context of this Motion.

In the alternative, if Defendant is seeking to strike the allegations under Fed. R. Civ. P. 12(f) as it appears to attempt to, Defendant is both untimely and premature.  Because Defendant filed an answer on December 27, 2017, it cannot now file a Motion to Strike pursuant to Fed. R. Civ. P. 12(f)(2).  Even if Defendant could file a Motion to Strike, dismissal of class claims prior to discovery and a motion to certify the class by plaintiff is the exception rather than the rule. *Luppino v. Mercedes-Benz USA, LLC*, 2013 WL 6047556, at *7 (D.N.J. Nov. 12, 2013) (citing *Ehrhart v. Synthes (USA)*, 2007 U.S. Dist. LEXIS 94760, *7–9 (D.N.J. Dec. 21, 2007) (motion to strike highly disfavored and dismissal of class allegations should be done rarely); *Gutierrez v. Johnson & Johnson, Inc.*, 2002 WL 34210806 (D.N.J.2002) (dismissal of class allegations at this stage should be done rarely; the better course is to deny the motion because "the shape and form of a class action evolves only through the process of discovery.")).  *See also Andrews v. Home Depot U.S.A. Inc.*, 2005 WL 1490474, at *3 (D.N.J. June, 23, 2005) (finding that dismissal of class action allegations to be premature at the motion to dismiss stage).  Every case cited by Defendant in support of its argument is an Order on a Motion for Class Certification, such that it is not clear any law exists that supports either moving to strike Class Allegations in the context of a Rule 11 or even a Motion to Strike.[6]

---

[6] Plaintiff's counsel was unable to find any case law supporting any aspect of Defendant's Motion, whether it be striking Class Allegations or otherwise.

The one exemption is that "[D]efendant may move to strike class action allegations prior to discovery in rare cases "where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Luppino v. Mercedes-Benz USA, LLC*, 2013 WL 6047556, at *3 (D.N.J. Nov. 12, 2013) (citing *Landsman & Funk PC v. Skinder–Strauss Associates*, 640 F.3d 72, 93 n. 30 (3d Cir.2011)).  But, Defendant has based its argument that the Class is uncertifiable on evidence not included in the Complaint, Defendant has demonstrated this is clearly not one of those "rare cases."[7]  Defendant will have its day in Court to present its arguments against Class Certification at the appropriate time—in its opposition to the Motion for Class Certification.  Defendant's attempt to make that day today with absolutely no basis for attempting to do so is unappreciated, and its Motion must be denied.

### 2.  This Case Is Certifiable

While Plaintiff will save most of her arguments for her Motion for Class Certification, Plaintiff will briefly address Defendant's assertion that this matter is uncertifiable.  Class actions brought under the TCPA are particularly appropriate for class certification.  *See A&L Industries Inc. v. P. Cipollini Inc.*, Case No. 2:12-cv-07598 (D.N.J. Oct. 6, 2013); *Town & Country v. Meadowbrook Insurance Group*, Case N. 3:15-cv-02519-PGS-LHG (D.N.J. June 21, 2017).  This is because when a company places calls to consumers, it tends to do so in a uniform way to a large population.

In this matter, Defendant asserts that all of its calls were placed after obtaining leads containing Plaintiff and all putative Class Members' information and thus had prior express consent. At this point, Plaintiff theorizes that these leads were not actually properly obtained by

---

[7] Defendant cites to Butler Decl. Ex. D.

individuals providing their consent but through some other dubious means, as appears to be the case with Plaintiff as detailed above—but is continuing to conduct discovery into it.

By Defendant's own admission, there is typicality, commonality, and predominance in its practice of dialing individuals based on these leads.  *See* Butler Decl. at ¶ 4.  To the extent there is an issue as to whether Defendant adequately obtained prior express consent sufficient to assert that affirmative defense, there is no question that the issue of consent under the TCPA can and should be litigated on a class-wide basis.  *See Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 94 (3d Cir. 2011) (criticizing the assertion in a district court opinion that individual issues regarding consent could defeat class certification where TCPA was broadcast as a uniformly-worded written fax to a mailing list compiled by defendant).  There is clearly law which supports the argument that this matter should be certified as a Class.  But, Plaintiff does not ask the Honorable Court to make such a decision today and will reserve those arguments for the appropriate time.

### C.  Defendant and its Counsel Mark M. Tallmadge Should Be Sanctioned Pursuant to Fed. R. Civ. P. 11(c)(2)

Fed. R. Civ. P. 11(c)(2) provides that "the court may award to the <u>prevailing party</u> the reasonable expenses, including attorney's fees, incurred for the motion." (emphasis added). Plaintiff respectfully submits that it should prevail on Defendant's Rule 11 Motion because it lacks any basis for filing in fact or law for the reasons described above.  Further, this Circuit has explicitly stated that the imposition of such sanctions is appropriate.  "The use of Rule 11 as an additional tactic of intimidation and harassment has become part of the so-called 'hardball' litigation techniques espoused by some firms and their clients. Those practitioners are cautioned that they invite retribution from courts which are far from enchanted with such abusive conduct. A court may impose sanctions on its own initiative when the Rule is invoked for an improper

purpose." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 485 (3d Cir. 1987) (citing *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir.1986)) (footnotes removed).  Defendant was in possession of Plaintiff's discovery responses which included evidence that Plaintiff had never consented to the calls and had no evidence with which to directly impugn Plaintiff Sloatman, and yet chose to file this procedurally improper and baseless motion anyway.  Defendant's attorney Mark M. Tallmadge himself acknowledged on a call with Magistrate Judge Cathy L. Waldor that choosing to file its Rule 11 prior to the Motion for Class Certification was a strategic decision by Defendant and its counsel.  Wheeler Decl. at ¶ 8.  Such "hardball" litigation techniques are frowned upon and explicitly discouraged in this district, and awarding Plaintiff her attorney's fees and costs in opposing this baseless Motion would be an appropriate sanction to discourage further such action by Defendant and its counsel.

## VI.   <u>Conclusion</u>

There is no basis in law, fact, or procedure for Defendant to have filed this Motion. Defendant's Motion should be denied.  Defendant and its counsel should be sanctioned.

Dated: June 4, 2018                                         **DeNITTIS OSEFCHEN PRINCE, P.C.**

                                                            By: *s/ Ross H. Schmierer*
                                                            Ross H. Schmierer, Esq.
                                                            Attorney for Plaintiff