UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**LALA SLOATMAN,**

          **Plaintiff,**

v.

**TRIAD MEDIA SOLUTIONS, INC.,**
d/b/a COMPARETOPSCHOOLS.COM

          **Defendant.**

Civ. No. 17-cv-11383 (KM)

**OPINION & ORDER**

## KEVIN MCNULTY, U.S.D.J.:

Lala Sloatman, has filed this putative class action against Triad Media Solutions, Inc., d/b/a comparetopschools.com ("Triad"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The essential allegation is that Triad, using an automatic telephone dialing system, called Sloatman's cell phone number in September 2016 to make a commercial solicitation, without her prior consent. Triad's current motion asks the Court to strike the Complaint and impose sanctions under Rule 11, Fed. R. Civ. P. Triad may or may not turn out to be correct on the merits; the motion to strike and impose sanctions, however, is denied.

Rule 11(b), Fed. R. Civ. P., provides, *inter alia*, that by submitting a pleading, such as a Complaint, "an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or

discovery."[1] *See also Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers*, 855 F.2d 1080, 1090 (3d Cir. 1988). Rule 11 is not a

---

[1] Rule 11, in its entirety, reads as follows:

Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions

(a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

  (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

  (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

  (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

  (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

  (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

  (2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

means of getting around the standards on a motion to dismiss. *A fortiori*, it is not a vehicle for resolving disputed questions of law or fact. *StrikeForce Techs., Inc. v. WhiteSky, Inc.*, 2013 WL 5574643, at *4 (D.N.J. Oct. 9, 2013). Where such disputes exist, they are appropriately resolved after discovery on a motion for summary judgment. *See, e.g., Blattman v. Siebel*, 2017 WL 3129134, at *2 (D. Del. July 24, 2017) (citing *Marlowe Patent Holdings v. Ford Motor Co.*, 2013 WL 6383122, at *5 (D.N.J. Dec. 5, 2013) (stating that "[a] Rule 11 motion for sanctions is not an appropriate substitute for summary judgment proceedings, and should not be used to raise issues of legal sufficiency that more properly can be disposed of by ... a motion for summary judgment."); *Thorner v. Sony Comput. Entm't Am. Inc.*, 2010 WL 904797, at *2 (D.N.J. Mar. 9, 2010) (denying defendants' motion for sanctions as premature when it "came before any dispositive motion or final judgment in favor of ... defendants")). To meet (or rather, flunk) the Rule 11 standard, the allegations must be "patently

---

(3) *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

(5) *Limitations on Monetary Sanctions.* The court must not impose a monetary sanction:

(A) against a represented party for violating Rule 11(b)(2); or

(B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(6) *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

(d) Inapplicability to Discovery. This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

3

unmeritorious or frivolous" and "unsupported by fact or law." *Doering v. Union County Bd. Of Chosen Freeholders*, 857 F.2d 191, 194 (3d. Cir. 1988). Thus Rule 11 is designed "to penalize irresponsible lawyering, not to address the strength or merits of a claim." *StrikeForce Techs.*, 2013 WL 5574643, at *4 (citing *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94–95 (3d Cir. 1988)).

The Complaint in this case, according to Triad, lacks the necessary evidentiary support. Triad states without objection that such a commercial call is permissible with the recipient's prior consent. See 47 U.S.C.§ 227(b)(1). Triad has attached what it calls "irrefutable" evidence of consent in the form of an "opt-in" printout from its website, www.comparetopschools.com.[2] This evidence, it says, demonstrates that on September 9, 2016, Sloatman explicitly consented to being contacted at her cell phone number, which she supplied by typing it into the online form and checking the appropriate box. (Butler Dec. Exs. A & B (ECF no. 15-2)) In correspondence, Triad brought this evidence to the attention of Sloatman's counsel, who declined to withdraw the Complaint. *See generally* Fed. R. Civ. P. 11(c)(2). Sloatman's counsel explained that his client "has never visited your website nor has she provided her information, including her cellular telephone number to you for any reason." (ECF no. 15-1 at 17) He went on to state that the "consent" small print on the website would not have been visible and that contact information or consent may be supplied for limited purposes only. (*Id.*)

In response to the motion, Sloatman has offered her own certification. In it, she states that she "never visited 'CompareTopSchools.com' prior to receiving the harassing telemarketing call from Defendant and I never provided my information in any form on CompareTopSchools.com at any time." (ECF no. 23-1) She also attaches her own interrogatory answers, in which she states that she "cannot recall visiting any websites seeking educational opportunities"

---

[2] Plaintiff may also be disputing that Sloatman was in fact the person who accessed the website, or that the information was gleaned from the website at all. *See* Pl. Brf. 4. & n.4 (ECF no. 23).

4

and also that "Plaintiff cannot recall all companies or organizations she has given consent to contact her. However, Plaintiff's cellular telephone number has been on the do-not-call list since 2011, therefore she does not consent to receiving contact that way from any company or organization." In response to a question specifically referring to Triad's website, Sloatman responded: "Plaintiff does not recall accessing the website www.comparetopschools.com at any time." (ECF no. 23-3 at 3–5)

Aha, says Triad in reply. By saying in her interrogatory answers that she "cannot recall" ever giving consent, Sloatman is admitting that she has no basis to refute its documentary evidence from its website. (Def. Reply, ECF no. 24) Not quite. Triad's reply fails to grapple with the certification in which Sloatman states categorically that she did not visit the website or give her consent. Triad then mischaracterizes what she said in her interrogatory answers as an admission that she cannot recall "*whether*" she gave consent. (Def. Reply at 1) This is the merest sophistry. Any testimony that something did or did not occur is subject to the witness's memory; it is not for that reason incompetent evidence under Fed. R. Civ. P. 601, as Triad seems to argue. (*Id.*)

In saying—and I do—that Triad's motion has wasted the Court's time, I do not express any opinion on the merits. Triad submits website evidence that Sloatman consented; Sloatman submits, to the Court and to her counsel, that she didn't. The point is that there is a factual dispute, which must be resolved by the usual means, not in the context of a sideshow motion for sanctions. "While the focus of Rule 11 is on whether a claim is wholly without merit, and is not dictated by whether resources will be expended in deciding the motion, Rule 11 motions should conserve rather than misuse judicial resources." *Moeck v. Pleasant Valley Sch. Dist.*, 844 F.3d 387, 392 (3d Cir. 2016) (citing *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 99 (3d Cir. 1988) ("Rather than misusing scarce resources, [the] timely filing and disposition of Rule 11 motions should conserve judicial energies.")).

**ORDER**

For the reasons stated in the foregoing Opinion,

IT IS this 4th day of September, 2018,

ORDERED that the motion (ECF no. 15) of the defendant, Triad Media Solutions, Inc., d/b/a comparetopschools.com, for an order imposing Rule 11 sanctions and striking the complaint is DENIED.

KEVIN MCNULTY
United States District Judge