# BRESSLER AMERY ROSS

A PROFESSIONAL CORPORATION

325 Columbia Turnpike ▫ Suite 301 ▫ Florham Park, NJ 07932

P. O. Box 1980 ▫ Morristown, NJ 07962

973.514.1200 ▫ fax 973.514.1660

www.bressler.com

Meghan M. Dougherty
Associate

direct: 973-245-0672
mdougherty@bressler.com

July 26, 2019

Honorable Kevin McNulty, U.S.D.J.
United States District Court, District of New Jersey
50 Walnut Street
Newark, NJ 07101

    Re:   *LaLa Sloatman v. TriAd Media Solutions, Inc.*
            Civil Action No. 2:17-cv-11383-KM-CLW

Dear Judge McNulty:

    The undersigned represent Defendant TriAd Media Solutions, Inc. in this matter. Please accept this correspondence pursuant to Local Rule 7.1 as a respectful request for leave to file a motion for summary judgment pursuant to Fed. R. Civ. P. 56(a). TriAd submits that this matter is ripe for summary judgment as the parties have exchanged written discovery and party depositions are complete. TriAd further submits that there is no genuine dispute as to any material fact in this matter and that TriAd is entitled to judgment as a matter of law for the reasons set forth below.

A.    <u>Sloatman cannot establish that TriAd's technology violates the TCPA.</u>

    The Telephone Consumer Protection Act ("TCPA") makes it unlawful to call a cell phone using an automated telephone dialing system ("ATDS") without prior express consent. *ACA International v. Federal Communications Commission*, 885 F.3d 687, 693 (D.C. Cir. 2018). To establish a TCPA claim, a plaintiff must prove that: (1) the defendant called a cellular telephone number, (2) using an ATDS, (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii).

    The Third Circuit has read the term ATDS to mean "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Dominguez v. Yahoo, Inc.*, 629 F. App'x 369, 371-72 (3d Cir. 2015). In summarizing its analysis of what technology satisfies a TCPA claim, this Court previously asked, "Does a system that dials numbers from a list that was not randomly or sequentially generated when the list was created qualify as an ATDS?" *Fleming v. Associated Credit Services, Inc.*, 342 F. Supp. 3d 563, 575-76 (D.N.J. 2018). Its response: "With only the statutory text to guide me, I am convinced that the answer is no." *Id.*

    Here, Sloatman has provided no evidence that TriAd used an ATDS. And nowhere does Sloatman specifically allege that TriAd possessed technology with the capacity to generate random

July 26, 2019
Page 2

or sequential numbers or that her phone number was randomly or sequentially generated. Instead, in its Opposition to TriAd's Rule 11 Motion, Sloatman alleges contrary facts, stating she "believes that Defendant manufactured the consent of her and Class members." Dkt. 23, at page 4. It is unclear how Sloatman believes this occurred, and by its nature, the argument precludes the allegation that TriAd randomly or sequentially generated her number. What is clear is that she has failed to plead facts showing that an ATDS was used or that TriAd's technology has the capacity to actually generate random telephone numbers to dial.

B.   **Sloatman provided her express consent to receive calls from TriAd.**

The TCPA does not impose liability when a plaintiff has given "prior express consent" or "prior express invitation or permission" to be contacted. 47 U.S.C. §§ 227(b)(1)(A)(iii), 227(a)(4). Prior express consent "is broadly construed: consumers 'may give prior express consent under the FCC's interpretations of the TCPA' simply by providing personal contact information to defendant." *Shelton v. Merch. Flow Fin. Corp.*, No. CV1811294JMVSCM, 2018 WL 6839562 (D.N.J. Dec. 31, 2018). Here, the evidence establishes a detailed timeline showing that Sloatman provided her personal information and consent to TriAd prior to receiving a phone call. Specifically, the evidence shows that TriAd received Sloatman's personal information from a source that matches Sloatman's location, service provider, device, and web browser. The reasonable inference here is that TriAd is in possession of Sloatman's detailed information because Sloatman directly provided it, along with consent to receive calls.

C.   **Alternatively, TriAd avoids liability under the safe harbor affirmative defense.**

Under 47 C.F.R § 64.1200(c), a defendant can avoid liability for calling an individual on the DNC registry if it can show that, (1) it called the individual by accident/error and (2) it has established adequate procedures in order to avoid mistakenly calling individuals on the registry. *Simmons v. Charter Communications*, 222 F. Supp. 3d 121, 129 (D. Conn. 2016). A claim of an accidental call can be supported by showing that the call was unintentional. *In Re Dynasty Mortgage, L.L.C.*, 20 F.C.C. Rcd. 4921, 4929-30 (2005). TriAd relies on the information and consent it receives from the forms filled out online. If Sloatman's information was uploaded improperly by a third party onto TriAd's website, any reliance on the upload by TriAd was a mistake. And, TriAd implements multiple procedures to avoid mistakenly calling individuals on the national do-not-call list.

For these reasons, TriAd respectfully requests leave to file a motion for summary judgment.

Respectfully submitted,

NEWMAN DU WORS LLP

*/s/ John Du Wors*
John Du Wors

BRESSLER, AMERY & ROSS, P.C.

*/s/ Meghan M. Dougherty*
Meghan M. Dougherty